United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Application of

NTR METALS ZONA FRANCA S.A.S.,

For an Order to Conduct Discovery for Use in a Foreign Legal Proceeding pursuant to 28 U.S.C. § 1782.

Case No. 16-mc-80214 NC

**ORDER DENYING EX PARTE APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782**

Re: Dkt. No. 1

NTR Metals Zona Franca S.A.S. ("NTR") applies for an order under 28 U.S.C. § 1782 authorizing its attorneys to issue and serve subpoenas on Google, Twitter, Automattic, Inc, and Wordpress for use in a criminal investigation in Colombia.

NTR is a mining company that operates in Colombia. NTR alleges that it was the victim of an online defamatory campaign sometime in 2014. On Decmber 16, 2015, NTR and two of its employees filed a complaint requesting a criminal investigation in Colombia. Since then, NTR and Colombian authorities have been conducting an investigation to identify the perpetrator. From this investigation, NTR has identified Google email accounts, Twitter accounts, and Wordpress blogs affiliated with the online campaign.

United States District Court
Northern District of California

According to the application, NTR states that on February 5, 2016, Colombian authorities issued an order to the Colombian National Police asking them to send a request to Google, Twitter, Automattic, and Wordpress seeking information about the identity of the account owners. The Court notes that the date on the document requests is February 8, 2016. *See* Exh. D. Automattic, on behalf of Wordpress, and Google both denied the requests absent a court order. Exh. E. NTR has not stated whether Twitter responded to the request. NTR now moves ex parte for the issuance of subpoenas under 28 U.S.C. § 1782 to discover the identities of individuals associated with the accounts.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1782, an applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or internal tribunal or any interested person. Even if the statutory requirements are met, a "district court is not required to grant a § 1782(a) discovery application simply because it has the authority" to do so. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

In assessing whether to grant the application, the Court considers four additional discretionary factors: (1) whether the person from whom discovery sought is a participant in the foreign proceedings; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *Id.*

////

United States District Court
Northern District of California

## II. DISCUSSION

### A. Statutory Requirements

Here, NTR seeks discovery from Google, Twitter, Automattic, and Wordpress for use in a foreign criminal investigation, in which NTR is the alleged victim. As to the first statutory requirement, Google is located in Mountain View, California; Twitter is located in San Francisco, California; and Wordpress is owned by Automattic with its principal place of business in San Francisco. Thus, all discovery sought is from entities that are located in this district.

As to the second statutory requirement, the discovery is for use in a criminal investigation pending in Colombia. "In 1996, Congress amended § 1782(a) to clarify that the statute covers 'criminal investigations conducted before formal accusation.'" *Intel*, 542 U.S. at 259. Thus, the second requirement is satisfied.

As to the third statutory requirement, NTR is the complainant of the criminal conduct being investigated, so it is an interested person.

### B. *Intel* Factors

The Court finds that the *Intel* factors weigh against granting the discovery request in this case.

As to the first factor, if the person from whom discovery is sought is a participant in the foreign proceeding, then the foreign tribunal can order the discovery itself, and the need for § 1782(a) aid is not as apparent. *Intel*, 542 U.S. at 264. Here, the information sought is for use in a criminal investigation, so the alleged wrongdoers are suspects in the investigation, but not yet participants. However, if their identity is known and the Colombian authorities charge them with a crime, the alleged owners of these accounts become participants.

The Court is persuaded by Magistrate Judge Beeler's reasoning in *In the Matter of the Application of 02CNI Co. Ltd.*, No. 13-mc-80125 CRB (LB), dkt. no. 41 at 10-11 (N.D. Cal. Aug. 15, 2013) that when the suspect may become a party to the foreign proceeding, the first factor "weighs in favor of letting the evidence in [the criminal] case develop

through the criminal authorities investigating it." *Id.*

As to the second factor, the Colombian government requested the same information and was apparently denied it. NTR has not explained why the Colombian government cannot itself seek this information through formal diplomatic channels. Notably, this request is coming from the alleged victim, and not the Colombian government involved in the investigation.

In *Lazaridis v. Int'l Ctr. for Missing & Exploited Children*, Inc., 760 F. Supp. 2d 109, 115 (D.D.C. 2011), the District Court considered that the "neither the Greek prosecutor nor the Greek court needs Mr. Lazaridis' assistance in gathering evidence" and noted that the applicant did not show that "Greek authorities are even aware of or receptive to his efforts to get discovery from them." *Id.* Here, NTR similarly fails to explain why the Colombian authorities are incapable of gathering the evidence, and whether they are aware of NTR's application to this Court.

Considering both the first and second factors together, the Court concludes that these factors weigh against granting the application. The more appropriate channel of discovering the identities of the alleged wrongdoers is through formal diplomatic channels.

As to the third factor, courts consider whether the subject of the discovery will have an opportunity to object to the discovery. "Ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Application of Nokia Corp.*, No. 13-mc-80217 PSG, 2013 WL 6073457, at * 2 (N.D. Cal. Nov. 8, 2013). Courts in this district consider whether the witnesses can exercise their due process rights by objecting or moving to quash after the issuance of an ex parte subpoena. *See In re Ex Parte Application of Pro-Sys Consultants*, No. 16-mc-80117 DMR, 2016 WL 3405547, at *3 (N.D. Cal. June 21, 2016); *In re Republic of Ecuador*, No. 10-cv-80225 CRB, 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010). Here, the individuals who operate the listed Google, Twitter, and Wordpress accounts may never know about this proceeding and might never have an opportunity to

United States District Court
Northern District of California

object. This factor weighs against granting the application.

Finally, the requests are tailored to discover identifying information about certain accounts, but the record before the Court is sparse about how NTR selected these accounts as the origin of alleged defamatory statements. Additionally, the requests are facially overbroad because they seek information from 2015 to the present, while the alleged defamatory acts occurred in 2014. This factor also weighs against granting the application.

## III. CONCLUSION

In conclusion, while the Court finds that the statutory requirements are met, the Court DENIES the ex parte motion for discovery because it is overly broad and invasive at this stage of the proceedings.

**IT IS SO ORDERED.**

Dated: November 28, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge